Wednesday, May 25. 'The Judges delivered their opinions.
Judge Tucker
(after stating the case) gave the following opinion:
In this case it may he sufficient to say that, there is no averment in-the declaration, that there was any difference between the price of lands and negroes, when the payment ought to have been made, and the price thereof in 1774; nor any averment that the defendant refused to choose au arbitrator on his part, to determine what that difference was; nor, (as might have been the case,) that arbitrators had been chosen, anu had made an award, which the de *554 fendant had refused to perform. Without one or more of which averments, according to the truth of the case, the plaintiff could not, in this action recover more than 1,000/. specie, with interest, or whatever part thereof might remain unpaid.
I am, therefore, of opinion that the judgment be aeFIRMED.
Judge Roane.
The bond declared on in this case, stipulates for the payment of 1,000/. certain; and, eventually, for a greater sum. Smarting, possibly, under the effects of the then recent depreciation of paper money, and wishing in any event, to receive the value of his land; the intestate of the appellant, stipulated for .an eventual resort to a standard more stable than money, which is liable to be diminished in its value by casual and fortuitous circumstances, and even by a natural and progressive depreciation A resort to this standard is no more unlawful and usurious, than a reference to corn or any other article of the first necessity. It would surely be lawful for one (in a contract) to bind another, under a penalty, to the payment of 100/. if on such a day it would purchase 100 barrels of Indian com, and if not, then such further sum as would be adequate to such purchase. The value of the corn is the sum contemplated by both parties in such case, and I do not see how this contract could possibly be deemed usurious.
On the bond in question, the appellant had his option to go for the 1,000l. only, or for such ulterior and additional sum, as he might think himself entitled to, by the terms of his contract. In this last case, however, it would be absolutely necessary to aver and set out in the declaration, the amount of this extra sum, as agreed upon by the parties, or as ascertained by their referees. This ascertainment forming in this case, quoad hoc, the very gist of the action, must be stated in the declaration, (a) Until such sum was so ascertained, the appellee incurred no breach of duty in not *555 paying it; and he did not contract to submit the assessment of the difference money to the decision of a Jury.
By not averring this matter in the declaration, the plaintiff has elected to go for the 1,000/. only; and although the breach as assigned seems to cover more ground than is necessary, I will consider it as merely superfluous, and that the parties are at issue as to the 1,000l. only: I go upon the maxim, utile per inutile non vitiatur.
In this view of the case, it was entirely improper for the plaintiff to give in evidence the settlement upon the back of one of the bonds, made pursuant to the terms “ of the “ recital bond,” and the testimony of a witness, shewing the difference in the value of money, by reference to the sale and purchase of slaves, at the respective periods of 1774 and 1782, &c. This testimony was only proper, if the plaintiff had shewn the necessary ulterior facts in his declaration. The appellee might, therefore, have arrested it on motion; and even yet the appellee ought not to be bound by the verdict against him, unless it clearly appeared, that the testimony in question was entirely disregarded by the Jury who rendered it. The appellee, however, did not move to arrest this evidence, nor was it expressly interdicted by the Court. That evidence was exhibited to the Jury. If, however, it is clearly shewn to have been neutralized, and disarmed of its noxious tendency, by an instruction of the Court: if it clearly appears that that instruction has been followed by the Jury, and consequently that entire justice has been done between the parties, the judgment ought not to be disturbed. The opinion of the Court stated in the bill of exceptions, appears to me awkward and unsatisfactory. I have already said that I think it erroneous, in so far as it supposes there is any ingredient of usury in this transaction: but it is right, in so far as it submits the contract to the Jury, in the light in which they seem to have acted upon it, that is, as going in this action for the 1,000l. only. As to this opinion the appellant cannot complain, because he has not entitled himself to go for more by his declaration.
*556 As the case rebates to the appellee the judgment ought not to stand, unless it is clear that this illegal testimony had no influence upon the verdict. I rather think that this js case, upon the verdict taken in connexion with the opinion of the Court; but that this appears to us upon this record with sufficient certainly to exclude all doubt, I am not at present prepared to say. On this point, however, and especially as the appellee does not complain of the judgment, I can readily yield to the more' sanguine conclusions of the other Judges: but as the case relates to the appellants the judgment is clearly correct, and ought to be affirmed.
Judge Fleming.
Whatever might have been the plaintiff ’s right, had he sufficiently stated his case in the declaration, and properly assigned the breaches of the condition of the bond, by his mode of proceeding he could recover no more than what remained unpaid of the 1,000l. with interest thereon. It seems, by the particular wording, and literal construction of the condition of the bond, the obligor had his option of being discharged, either by the payment of 1,000/. specie, with interest, or by the payment of so much money, more or less, as would have been sufficient to purchase as much land and as many slaves as 1,000/. would have purchased in the year 1774 : but, admitting, that in order to manifest the true intention of the parties, the word and should be substituted for the word or-, used in the condition, (as was contended by the appellant’s counsel in the argument,) and that the obligor was bound to pay, over and above the one thousand pounds, so much money as to make that sum equal in value to what it was in the year 1774 ; yet, in order to entitle the planitiff to recover such additional sum, he ought specifically to have stated and averred, in the assignment of breaches, the true difference between the value of 1,000l. in the year 1774, and the same sum at the different times-when the latter was, or should have been paid ; taking the purchase of land and slaves, as the standard by which the difference was, or ought to have been ascertained ; and also, that the differ *557 enee had been settled by arbitrators, chosen by the parties for that purpose, according to the agreement; or that the defendant had, on application, refused to appoint, or consent to such arbitration.
With respect to the exception taken to the instruction given to the Jury, it appears to me that (from the state of the case, as it appeared by the record) the instruction was, in substance, correct enough, and that the Jury was governed by it. It seems however that the Court erred in permitting the plaintiff to give in evidence that the sum of 1,000l. specie, in the year 1782, 1783, 1784, 1785, 1786, and 1787, or any of them, or when the suit was instituted, would only be sufficient to purchase half as much land, or half as many slaves, as that sum would have been sufficient to purchase in the year 1774 ; that being a matternot in issue between the parties. But as the defendant took no exception to that evidence ; and it seems to me that the Jury paid no regard to it, and found a verdict for what remained unpaid of the 1,000/. with interest only, I am of opinion that the judgment ought to be affirmed.
By the whole Court, (absent Judge Lyons,) the judgment of the District Court afjirjied.

 See Chichester v. Vass, 1 Call, 83. and Fulgham v. Lightfoot, ib. 256. to this point.